In the Matter of the **FEE AGREEMENT OF Jess LEVENTHAL.**

No. 95–718.

United States Court of Veterans Appeals.

Sept. 12, 1996.

Jess Leventhal, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and Amy S. Gordon were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Judges.

KRAMER, Judge:

Attorney Jess Leventhal appeals a March 31, 1995, decision of the Board of Veterans' Appeals (BVA or Board) which denied him payment of attorney fees from past-due benefits awarded to the veteran, Douglas A. Zaino, for entitlements to a total rating based on individual unemployability (TDIU) and special monthly compensation. Record (R.) at 4–13. Attorney Leventhal filed a brief. The Secretary filed a brief urging summary affirmance. The Court has jurisdiction under 38 U.S.C. § 7252(a). For the reasons that follow, the Court will affirm the BVA decision.

## I. BACKGROUND

The veteran served in the U.S. Navy from June 1970 to June 1971. R. at 18. In March 1988, a VA regional office (RO) denied the

veteran an increased rating for service-connected pericarditis. R. at 20. In June 1989, the RO denied the veteran service connection for disorders of the spine and hips, including arthritis, as secondary to medication prescribed for his service-connected pericarditis. R. at 30–31. The veteran filed timely Notices of Disagreement (NOD) with both the March 1988 and the June 1989 decisions. R. at 22, 33. In November 1990, the Board remanded both claims for VA to conduct medical examinations. R. at 37–39. In May 1992, the Board denied service connection for disorders of the spine and hips and denied an increased rating for pericarditis. R. at 42–50. The veteran appealed the decision to the Court.

In May 1993, attorney Leventhal filed with the Court an unopposed motion to remand the claims adjudicated in the May 1992 Board decision. R. at 52–59. Although the motion stated that the BVA had failed to articulate how the veteran's disability had prevented him from working, it did not address, in general, any claim for total disability, nor did it specifically reference the Board's failure to adjudicate such a claim. *Ibid.* In July 1993, the Court granted the motion, in part, and remanded the issue of service connection for disorders of the spine and hips, including arthritis, as secondary to medication prescribed for his service-connected pericarditis and dismissed the motion, in part, as to the issue of an increased evaluation for pericarditis. R. at 65–66. The Court noted that the veteran had filed an NOD regarding the increased evaluation for pericarditis prior to November 18, 1988, and thus the Court lacked jurisdiction to hear the claim. R. at 65 (citing Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note)).

In May 1994, the Board granted service connection for osteoporosis of the spine and hips as secondary to medication prescribed for the veteran's service-connected pericarditis, and denied entitlement to service connection for disorders of the spine and hips, other than osteoporosis, as secondary to medication prescribed for the veteran's service-connected pericarditis. R. at 72–82. That same month, attorney Leventhal submitted copies of August 1992 and May 1994 fee agreements, both of which stated that he would receive 20% of all "back benefits" the veteran received. R. at 123, 127. In October 1994, the RO assigned a 40% rating for osteoporosis of the spine and a 10% rating for osteoporosis of the hips, both effective July 1, 1988. R. at 94–96. Of the benefits received by the veteran as to the granting of service connection for osteoporosis of the spine and hips, $7,846.40 was withheld for payment of attorney fees. R. at 98–102.

In December 1994, the RO granted the veteran service connection for atherosclerosis, effective January 20, 1988, and entitlement to TDIU, effective September 1, 1992. R. at 104–06. Attorney Leventhal received $5,265.20 of the benefits granted to the veteran. R. at 108–12. In January 1995, the RO granted the veteran entitlement to special monthly compensation at the housebound rate from August 16, 1993, to October 1, 1994. R. at 114–16. Attorney Leventhal received $545.00 in fees attributable to the special monthly compensation granted to the veteran. R. at 118–21.

In the March 1995 BVA decision currently on appeal, the Board determined that attorney Leventhal was entitled to payment of attorney fees from past-due benefits attributable to the veteran's service-connected osteoporosis of the spine and hips; however, it determined that he was not entitled to payment of attorney fees from past-due benefits as to the veteran's service-connected atherosclerosis, increased rating for pericarditis, entitlement to TDIU, and entitlement to special monthly compensation. R. at 4–13. A timely appeal to the Court followed.

## II. ANALYSIS

Attorney Leventhal appeals only the denial of attorney fees from past-due benefits granted to the veteran for entitlements to TDIU and special monthly compensation. To the extent that his appeal could have raised other issues, the Court deems those issues to have been abandoned on appeal. *See Bucklinger v. Brown,* 5 Vet.App. 435, 436 (1993).

Under 38 U.S.C. § 5904(c)(1) and 38 C.F.R. § 20.609(c) (1995), an attorney can only be eligible for attorney fees attributable to issues involved in BVA decisions. *See In the Matter of the Fee Agreement of Stanley,* 9 Vet.App. 203, 206–09 (1996) (reinforcing BVA decision requirement in 38 U.S.C. § 5904(c)(1)). A claim for TDIU is a separate claim from those of the underlying disabilities which cause the unemployability. *See Isenbart v. Brown,* 7 Vet.App. 537, 540 (1995); *Parker v. Brown,* 7 Vet.App. 116, 118–19 (1994). In this case, the award of TDIU appears to be predicated on the disorders of the spine and hips, issues involved in the May 1992 and May 1994 BVA decisions, as well as on a heart disorder, an issue not involved in either BVA decision. R. at 104–05. The issue of TDIU was not before the BVA in either of its decisions. *See* R. at 42–50, 73–82. The issue was not adjudicated by the BVA, not "reasonably raised" before it, *Owens v. Brown,* 7 Vet.App. 429, 433 (1995), not an element of the claim for disorders of the spine and hips, *see West v. Brown,* 7 Vet.App. 329, 331 (1995) (en banc) (all elements of a claim are part of the same claim); *but see Isenbart,* 7 Vet.App. at 540 (TDIU is a separate claim rather than an element of another claim); *Parker,* 7 Vet.App. at 118–19, nor a subject of the Court's July 1993 remand (*see* R. at 65–66).

With respect to the award of special monthly compensation, not only does the analysis in the preceding sentence apply, but additionally, that award was not even partly attributable to the veteran's disorders of the spine and hips. *See* R. at 114–16.

### III. CONCLUSION

Upon consideration of the above, the Court holds that attorney Leventhal has not demonstrated that the BVA committed error which would warrant reversal or remand. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). The March 31, 1995, decision of the BVA is AFFIRMED.