### In the Matter of the Fee Agreement of James W. STANLEY, Jr.

### No. 96–0017.

United States Court of Veterans Appeals.

Feb. 25, 1997.

James W. Stanley, Jr., pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and Amy S. Gordon, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and HOLDAWAY, Judges.

NEBEKER, Chief Judge:

James W. Stanley, Jr., Esq., appeals an October 24, 1995, decision of the Board of Veterans' Appeals (BVA or Board) which found him not entitled to attorney fees from past-due benefits awarded to the veteran, Clyde E. Page, for services rendered before the Department of Veterans Affairs (VA) and the Board. Upon consideration of the parties' briefs and the record on appeal, the Court will affirm the Board's decision for the following reasons.

## I. FACTS

The veteran served on active duty from January 1969 to January 1971, and for two-week periods of active duty for training in July 1978, July 1989, and July 1990. Record (R.) at 30. In April 1989, a VA regional office (RO) denied service connection for hearing loss. R. at 15. That denial was continued and confirmed by rating decisions in December 1990 (R. at 18) and October 1991 (R. at 20). The veteran filed a Notice of Disagreement (NOD) as to the denial of service connection for hearing loss in November 1991. R. at 22.

On July 2, 1992, the RO received Mr. Page's original claim for service connection for post-traumatic stress disorder (PTSD). R. at 37. Later that month, the appellant, Mr. Stanley, notified the RO that his firm had been retained to represent the veteran's interests "relative to a claim for benefits pursuant to Title 38." R. at 24. The letter also requested "copies of all medical records pertaining to PTSD." *Ibid.* Mr. Page's claim for service connection for hearing loss was denied in a July 1993 BVA decision. R. at 29–34. In October 1994, an RO decision granted service connection for PTSD, rated at 30% disabling and effective July 2, 1992. R. at 37–38. Mr. Stanley drafted a formal NOD which contested the PTSD rating, arguing that it should have been set at 50% disabling. R. at 40. The 30% rating was continued by an RO decision on May 17, 1995. R. at 54. A Statement of the Case (SOC) was requested and issued the next day. R. at 47. The SOC stated that the issue before the Board was to be the veteran's entitlement to an increased evaluation for PTSD. *Ibid.* After a VA medical examination (R. at 70), an RO decision dated August 11, 1995, continued the 30% PTSD rating (R. at 64). A Supplemental SOC reiterated the issue as "[e]ntitlement to an increased rating for post traumatic stress disorder, currently evaluated 30 percent disabling." R. at 69.

Pursuant to section 5904(c)(2), title 38, United States Code, the Board, sua sponte, raised the issue of eligibility for payment of attorneys fees under the fee agreement, notified the veteran and Mr. Stanley, and advised them "that they were to submit any evidence or argument concerning payment of attorney fees from past-due benefits directly to the Board within 30 days." R. at 4. No response was received. *Ibid.*

In the October 24, 1995, BVA decision here presented for review, the Board found that Mr. Stanley was not eligible for payment of attorney's fees because no final BVA decision had been made regarding the veteran's PTSD claim, or "with respect to any issue for which past-due benefits have been granted." R. at 7. Mr. Stanley argued, as he repeats here, that the VA regulation in question, 38 C.F.R. § 20.609 (1996), is contrary to the statute, 38 U.S.C. § 5904(c), and thus invalid. *Ibid.* In essence, he asserts that the final BVA decision denying service connection for hearing loss should suffice to allow payment in connection with services rendered in the PTSD claim. He contends that the "statute makes no ... distinction or requirement as to bifurcation of the issues as to entitlement to payment for fees for legal services. Rather, it only refers to a case." Appellant's Brief (Br.) at 5. The Board disagreed, concluding that the regulation, which inter alia, requires a final BVA decision before payment is allowed, was applicable and precluded the attorney from receiving payment from past-due benefits. R. at 7. Contrary to the Secretary's statement that jurisdiction is predicated on section 7252 of title 38, United States Code, this Court has jurisdiction pursuant to sections 7263(d) and 7266(a). *See also* 38 U.S.C. § 5904(c)(2).

## II. ANALYSIS

Before today, this Court has held that pursuant to section 5904(c)(1), "[a] fee agreement may be entered into between a claimant and an attorney for services provided only after the BVA makes a final decision on the issue or issues involved in the case." *In the Matter of the Fee Agreement of Smith,* 4 Vet.App. 487, 490 (1993). The Court has also held that, "while an attorney is not precluded from performing services prior to the issuance of a first final BVA decision, the attorney is precluded from charging a fee for such services." *Ibid.* However, the ostensible distinction between the language of the statute and the regulation, as pointed out by the appellant, merits discussion.

The appellant has challenged the validity of 38 C.F.R. § 20.609(c) (1996). It is the duty of this Court to "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary." 38 U.S.C. § 7261(a)(1); *see, e.g., Johnson v. Brown,* 9 Vet.App. 369, 371 (1996); *Winn v. Brown,* 8 Vet.App. 510 (1996); *Gardner v. Derwinski,* 1 Vet.App. 584 (1991), *aff'd sub nom. Gardner v. Brown,* 5 F.3d 1456 (Fed. Cir.1993), *aff'd,* 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994). The Secretary of Veterans Affairs has authority under 38 U.S.C. § 501(a) to "prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the Department and are consistent with those laws."

■ Determining whether 38 C.F.R. § 20.609(c) violates the Secretary's statutory authority requires examining the language of the statute and the interpretation adopted by the Secretary. *See Gardner,* 1 Vet.App. at 586–87. In analyzing a statute, we look at the overall structure of the statute and the specific language at issue. *Johnson,* 9 Vet. App. at 371. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). When Congress creates room for agency interpretation or expressly delegates policy making authority to the Secretary, the scope of judicial review is limited. *Pauley v. BethEnergy Mines,* 501 U.S. 680, 696, 111 S.Ct. 2524, 2533–34, 115 L.Ed.2d 604 (1991). While judicial deference to VA interpretation is not without limits, deference to the agency authorized to administer the statute is appropriate where such interpretation is consistent with the language of the statute and is a plausible or reasonable interpretation of the law. *Chevron,* 467 U.S. at 843–44, 104 S.Ct. at 2781–83; *see Bone v. Brown,* 9 Vet.App. 446, 449 (1996); *but see Brown v. Gardner,* 513 U.S. 115, 121–22, 115 S.Ct. 552, 557, 130 L.Ed.2d 462 (1994) (quoting *Gardner v. Brown,* 5 F.3d 1456, 1463–64 (Fed.Cir.1993)) (" 'Many VA regulations have aged nicely simply because Congress took so long to provide for judicial review. The length of such regulations' unscrutinized and unscrutinizable existence' could not alone, therefore, enhance any claim to deference.")

■ Mr. Stanley contends that 38 C.F.R. § 20.609(c) is invalid because it unnecessarily restricts the plain and unambiguous language enacted by Congress in 38 U.S.C. § 5904(c), which reads in pertinent part:

(c)(1) Except as provided in paragraph (3), in connection with a proceeding before the Department with respect to benefits under laws administered by the Secretary, *a fee may not be charged, allowed, or paid for services of agents and attorneys with respect to services provided before the date on which the Board of Veterans' Appeals first makes a final decision in the case.* Such a fee may be charged, allowed, or paid in the case of services provided after such date only if an agent or attorney is retained with respect to such case before the end of the one-year period beginning on that date. The limitation in the preceding sentence does not apply to services provided with respect to proceedings before a court.

38 U.S.C. § 5904(c)(1) (emphasis added). The regulation at section 20.609, which interprets the statute, reads in pertinent part:

(c) *Circumstances under which fees may be charged.* Except as noted . . .

attorneys-at-law and agents may charge claimants or appellants for their services only if all of the following conditions have been met:

(1) A final decision has been promulgated by the Board of Veterans' Appeals with respect to the issue, or issues, involved.

38 C.F.R. § 20.609(c)(1). Mr. Stanley argues that Congress' use of "the case" encompasses all claims made by a veteran, i.e., the veteran's "disability compensation case," and that therefore, the regulation's imposition of a same "issue, or issues" requirement is beyond the Secretary's authority. The Court disagrees. While it is true that the words "case" and "issue" have different denotations, such a semantic interpretation would have a result contrary to the intent of Congress, and at odds with the statutory scheme of VA claims adjudication generally. *West v. Brown*, 7 Vet.App. 329 (1995) (en banc).

Assuming ambiguity in the phrase "the case," the Court notes section 7105(d)(1), title 38, United States Code, where Congress also chose to use "the case" in defining and setting forth the requirements for a Statement of the Case. 38 U.S.C. § 7105(d)(1); *see also* 38 C.F.R. § 19.29 (1996). The statute requires:

(A) A summary of the evidence in the case pertinent to the issue or issues with which disagreement has been expressed.

(B) A citation to pertinent laws and regulations and a discussion of how such laws and regulations affect the agency's decision.

(C) The decision on each issue and a summary of the reasons for such decision.

38 U.S.C. § 7105(d)(1); *see also Meyer v. Brown*, 9 Vet.App. 425, 430–31 (1996) (discussing the requisite specificity required in a Statement of the Case regarding the applicable law and facts on the issue, or issues, being disputed). In view of the statutory scheme, the Court holds that "the case" as found in section 5904(c)(1), refers to the issue or issues that comprise the discrete claim or claims which are the subject of the agency's decision, and does not embrace any and all potential claims that might be brought by a veteran.

From the legislative history of section 5904 (formerly § 3404), it is apparent that Congress intended that a final BVA decision, regarding the claim, or claims, for which payment is at issue in the fee agreement, is necessary for compliance with the statute. The Court's decision in *In the Matter of the Fee Agreement of Smith* explained some history with respect to this provision:

Prior to the enactment of the Veterans' Judicial Review Act (VJRA), Pub.L. No. 100–687, Div. A, 102 Stat. 4105 (1988), an attorney or agent was proscribed from charging a claimant more than $10 for representation before the VA or the [Board] on a veteran[s] benefits claim. *See* Act of July 14, 1862, §§ 6, 7, 12 Stat. 566, 568 (imposing $5 fee limitation); Act of July 4, 1864, §§ 12, 13, 13 Stat. 387, 389 (raising $5 fee limitation to $10, the prevailing limit until implementation of the VJRA in 1988).... The objective of the fee limitation was to maintain the informality of the VA's claims adjudication process. *See Walters v. National Association of Radiation Survivors*, 473 U.S. 305, 323–27, 105 S.Ct. 3180, 3190–92, 87 L.Ed.2d 220 (1985). Recognizing that claimants seeking judicial review of the denials of claims for veterans benefits needed qualified representation at reasonable costs (*see Matter of Smith*, 1 Vet.App. 492, 502 (1991) (Steinberg, J. concurring)), Congress repealed the $10 fee limitation; revised subsection (c) of 38 U.S.C.A. § 5904 (formerly § 3404); and added a new subsection (d) which permitted claimants to enter into fee agreements with attorneys and agents to represent them in benefits proceedings before the VA, BVA, and this Court, under certain specified circumstances. *See* VJRA, Pub.L. No. 100–687, § [§ ] 104(a), [ ] 401, 403, 102 Stat. at 4108, 4122.

*In the Matter of the Fee Agreement of Smith*, 4 Vet.App. at 490 (citation omitted). With respect to limiting payable fees, the 1988 House Committee Report states the two major purposes as protecting "the interests of veterans from the perceived threat ... of excessive fees for ... services, which essentially required only the preparation and presentation of an application for benefits," and Congress' desire to continue, at least initially, the informal and nonadversarial structure of

the veterans benefits process. H.R.Rep. No. 963, 100th Cong., 2d Sess. 16–17 (1988). However, once there is a final Board decision with which the veteran is not satisfied, the process, as is permissible under the statute, can become adversarial.

██ The veteran's claim for hearing loss was denied by a final BVA decision. Further pursuit of service connection for that disability would warrant the assistance of a paid representative. The veteran was awarded benefits by the RO under the nonadversarial system of VA claims processing for his PTSD condition. The PTSD claim was never the subject of a final BVA decision, and therefore, no payment of attorney fees is warranted or permitted for services rendered before VA and the Board ·in connection with that claim. 38 U.S.C. § 5904(c); *see also In the Matter of the Fee Agreement of J. Leventhal,* 9 Vet.App. 387, 389 (1996); *see generally* 38 U.S.C. § 5905.

The Court will give due deference to the Secretary's interpretation of "case" in relation to specific "issues" in discrete claims because it is reasonable and plausible. *See Chevron, supra; Brooks v. Brown,* 5 Vet. App. 484, 486–87 (1993). Accordingly, the Court holds that the Secretary's promulgation of 38 C.F.R. § 20.609(c)(1) is consistent with the language and legislative history of section 5904, that it is not "in excess of statutory jurisdiction, authority, ... or in violation of a statutory right," and further, that it is a valid exercise of the authority granted to the Secretary of Veterans Affairs in 38 U.S.C. § 501. 38 U.S.C. § 7261(a)(3)(C); *see also Degmetich v. Brown,* 104 F.3d 1328, 1331–32 (Fed.Cir. 1997).

### III. CONCLUSION

Upon consideration of the foregoing, the Court holds that the appellant has not demonstrated that the BVA committed error which would warrant reversal or remand. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). The October 24, 1995, decision of the BVA is AFFIRMED.