**In the Matter of the Fee Agreement of William G. SMITH in Case Number 92–1072.**

**No. 95–307.**

United States Court of Veterans Appeals.

June 26, 1997.

William G. Smith, pro se.

Mary Lou Keener, General Counsel, Atlanta, GA; Ron Garvin, Assistant General Counsel; Thomas A. McLaughlin, Deputy Assistant General Counsel, Washington, DC; and Michele R. Katina were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Judges.

NEBEKER, Chief Judge:

William G. Smith, Esquire, appeals a March 22, 1995, decision of the Board of Veterans' Appeals (BVA or Board) which found him not entitled to attorney fees from past-due benefits awarded to the veteran, LeRoy H. Lundgren, for services rendered before the Department of Veterans Affairs (VA), the Board, and this Court. The veteran was granted entitlement to a total disability rating based on individual unemployability (TDIU) in February 1991. Upon consideration of the parties' briefs and the record on appeal, the Court will vacate the Board's decision, and remand the matter.

## I. FACTS

The veteran had active military service from February 1941 to April 1946. Record (R.) at 51. In December 1977, the issue of Mr. Lundgren's entitlement to TDIU was presented to the Board, and thereafter denied. R. at 12–16. That denial was continued in a January 1989 regional office (RO) decision. R. at 24–25. In February 1991, Mr. Lundgren submitted this statement to VA: "I do believe I am [entitled to] 100%. I [tried] working, and thought I would die from it." R. at 43–44. In May 1992, the Board determined that the claim for TDIU might have been raised by the veteran as part of other claims he had filed, and referred that claim back to the RO for appropriate development. R. at 51. The attorney, Mr. William Smith, submitted a copy of his fee agreement with the veteran in September 1992. R. at 59, 65–67.

In December 1993, the Court, inter alia, declined to review the issue of TDIU because no final decision had been rendered by the Board in that regard. *Lundgren v. Brown,* U.S. Vet.App. No. 92–1072, 1993 WL 554617 (mem. dec. Dec.30, 1993) [hereinafter *Lundgren I* ]. In March 1994, the Court granted the appellant's motion for reconsideration, and vacated *Lundgren I* as to the TDIU issue. *Lundgren v. Brown,* U.S. Vet.App. No. 92–1072, 1994 WL 81572 (mem. dec. March 4, 1994) [hereinafter *Lundgren II* ]. Citing *Travelstead v. Derwinski,* 1 Vet.App. 344, 346 (1991) for the proposition that a decision of the BVA *not* to address an issue raised at the RO level confers jurisdiction on this Court, the Court held that the "issue of [TDIU] was reasonably raised by the record on appeal," and should have been addressed by the Board, and specifically remanded that issue to the Board for adjudication. *Lundgren II, supra.* The Board, in an April 1994 preliminary order which refers only to *Lundgren I,* was apparently unaware of the superseding decision of the Court directing adjudication of the TDIU claim, and did not mention the Court's remand for adjudication of the TDIU issue. R. at 103–05.

A September 1994 RO rating action granted TDIU to the veteran, effective February 1991. R. at 114–21. In the BVA decision here on appeal, the Board denied Mr. Smith's entitlement to attorney fees from past-due benefits awarded, finding that no final BVA decision had been rendered as to the issue of TDIU for which the benefits were granted. R. at 3–8. The Board stated:

> The RO has previously denied the veteran[']s claims for [TDIU], and the Board did deny this issue in a decision dated December 19, 1977. The dispositive consideration is that there has not been a final decision by the Board concerning the veteran's claim for [TDIU] which arose from a notice of disagreement issued on or after November 18, 1988.... It is true that the matter of entitlement to [TDIU] was referred to the regional office by the Board in its decision of May 5, 1992. That reference, however, was plainly not a final decision by the Board on that issue.

R. at 7. In addition to the Secretary's assertion that jurisdiction is predicated on section 7252 of title 38, United States Code, this Court's jurisdiction is also based on sections 7263(d) (pertaining to representation of parties and review of fee agreements) and 7266(a) (notice of appeal provision). *See also* 38 U.S.C. § 5904(c)(2) (recognition of agents and attorneys generally).

## II. ANALYSIS

The issue presented for review is whether a final BVA decision exists with respect to the veteran's claim for TDIU, which in turn, will entitle Mr. Smith to payment of attorney fees. Before today, this Court has held that pursuant to section 5904(c)(1), "[a] fee agreement may be entered into between a claimant and an attorney for services provided only after the BVA makes a final decision on the issue or issues involved in the case." *In the Matter of the Fee Agreement of Smith*, 4 Vet.App. 487, 490 (1993). The Court has also held that, "while an attorney is not precluded from performing services prior to the issuance of a first final BVA decision, the attorney is precluded from charging a fee for such services." *Ibid.* Title 38 of the United States Code reads in pertinent part:

> (c)(1) Except as provided in paragraph (3), in connection with a proceeding before the Department with respect to benefits under laws administered by the Secretary, *a fee may not be charged, allowed, or paid for services of agents and attorneys with respect to services provided before the date on which the Board of Veterans' Appeals first makes a final decision in the case.* Such a fee may be charged, allowed, or paid in the case of services provided after such date only if an agent or attorney is retained with respect to such case before the end of the one-year period beginning on that date. The limitation in the preceding sentence does not apply to services provided with respect to proceedings before a court.

38 U.S.C. § 5904(c)(1) (emphasis added). The regulation which interprets the statute reads in pertinent part:

> (c) *Circumstances under which fees may be charged.* Except as noted ... attorneys-at-law and agents may charge claimants or appellants for their services only if all of the following conditions have been met:
>
> (1) A final decision has been promulgated by the Board of Veterans' Appeals with respect to the issue, or issues, involved.

38 C.F.R. § 20.609(c)(1) (1996). In the case of *In the Matter of the Fee Agreement of James Stanley, Jr.*, 10 Vet.App. 104, 107 (1997), the Court held that the "issue or issues" requirement of the regulation is consistent with the language and legislative history of "the case" requirement of section 5904. Therefore, the issue or issues extant in the final BVA decision in a veteran's case must be the same issue or issues for which the attorney is seeking payment. *Ibid.* In *Stanley,* the veteran's claim for hearing loss had been denied by a final BVA decision, and the Court held that "[f]urther pursuit of service connection for that disability would warrant the assistance of a paid representative." *Id.* at 108. Moreover, the veteran's claim for a psychiatric disorder "was never the subject of a final BVA decision," service connection having been granted by the non-adversarial process of the RO, and therefore, no pay-

ment of attorney fees related to that claim was warranted or permitted. *Ibid.*

■ In the instant case, while the Board had not affirmatively rendered a final decision on the issue of TDIU, this Court in *Lundgren II* held that the issue had been reasonably raised, found that the BVA's *failure* to address the TDIU issue was in error, and remanded the matter for further adjudication. *Cf. Suttmann v. Brown,* 5 Vet.App. 127, 132 (1993) ("Where such review of all documents and oral testimony reasonably reveals that the claimant is seeking a particular benefit, the Board is required to adjudicate the issue of the claimant's entitlement to such a benefit or, if appropriate, to remand the issue to the RO for development and adjudication of the issue; however, the Board may not simply ignore the issue so raised."). Where the BVA fails to adjudicate a claim that was reasonably raised before it, the net outcome for the veteran amounts to a denial of the benefit sought. Accordingly, the Court holds as a matter of law that the Board's failure to adjudicate the TDIU claim that was properly before it constitutes a final adverse BVA decision with respect to that claim. *Cf. Isenbart v. Brown,* 7 Vet.App. 537, 540 (1995) (holding that a jurisdiction-conferring Notice of Disagreement attaches to an RO's failure to adjudicate a claim which was properly before it); *cf. also Garlejo v. Brown,* 10 Vet.App. 229, 233 (1997) (holding

that veteran's previous NOD attached to the RO's failure to adjudicate veteran's TDIU claim). The predicate for this Court's jurisdiction in *Lundgren II*—the failure to decide the raised TDIU claim—is law of the case. *See Browder v. Brown,* 5 Vet.App. 268, 270 (1993). Accordingly, the Board was not free to do anything contrary to this Court's action which remanded the TDIU issue. The Board's conclusion in the 1995 decision that there was no final Board decision is contrary to our decision in *Lundgren II. See Means v. Brown,* 9 Vet.App. 482, 483 (1996)(per curiam order).

## III. CONCLUSION

Upon consideration of the foregoing, the Court holds that the Board erred in concluding that there was no final BVA decision as to the TDIU issue in its denial of Mr. Smith's claim for entitlement to payment of attorney's fees. The March 22, 1995, decision of the BVA is VACATED. The matter of Mr. Smith's entitlement to attorney fees is REMANDED for action consistent with this opinion.