This version includes an errata dated 19Apr00 -e

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-676

IN THE MATTER OF THE FEE AGREEMENT OF KENNETH M. CARPENTER.

On Appellant's Motion for Reconsideration

(Decided   March 13, 2000    )

*Michael E. Wildhaber,* of Washington, D.C., was on the brief for the appellant.

*John H. Thompson*, Acting General Counsel; *Ron Garvin*, Assistant General Counsel; and *R. Randall Campbell*, Deputy Assistant General Counsel, were on the brief for the appellee.

Before NEBEKER, *Chief Judge*, and HOLDAWAY and IVERS, *Judges*.

HOLDAWAY, *Judge*:  The appellant, Kenneth M. Carpenter, Esquire, appeals the February 1997 decision of the Board of Veterans' Appeals (BVA or Board) which determined that he was not eligible to charge a fee for service before the Secretary and the Board on behalf of veteran Onzie L. Wilkins, Jr.  On October 15, 1999, the Court issued a single-judge memorandum decision affirming the decision of the Board, and the appellant filed a timely motion for reconsideration or, in the alternative, a panel decision.  The Court has determined that the instant decision will clarify the law in the area of attorney fee agreements and that a decision by a panel of the Court is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990).  For that reason, the appellant's motion for a panel decision is granted. The Court has jurisdiction of the case under 38 U.S.C. §§ 5904(c)(2), 7252(a), 7263(d).  For the following reasons, the Court will affirm the decision of the Board.

## I.  FACTS

In March 1990, the veteran designated Mr. Carpenter to be his representative before VA. The veteran filed a claim for a 100% disability rating for post-traumatic stress disorder (PTSD). At that time, the veteran was rated 30% disabled for a dysthymic disorder, 10% disabled for residuals of a laceration of his left femoral artery, and 10% disabled for idiopathic clubbing of the fingers on his left hand. He also had noncompensable ratings for several other conditions. His combined disability rating was 40%. In April 1991, a VA regional office (VARO) increased the veteran's disability rating for his dysthymic disorder with PTSD to 40%, which resulted in a combined rating of 50%. The veteran filed a Notice of Disagreement and, at a VA hearing, raised the issue of entitlement to a total disability rating based on individual unemployability (TDIU). A June 1991 decision by a VA hearing officer denied entitlement to an increased disability rating for the veteran's psychiatric disorder, but did not address his entitlement to TDIU. The veteran filed a Substantive Appeal with respect to the increased rating issue. At a hearing before a member of the BVA, the veteran again clearly expressed his belief that he was entitled to TDIU.

In April 1992, the Board issued a decision remanding the veteran's case for the adjudication of his claim for TDIU and for consideration of whether polysubstance abuse was a symptom of his PTSD. After further development of the case, the VARO denied his claim for TDIU and his claim for secondary service connection for polysubstance abuse. In April 1994, the BVA granted the veteran a 70% disability rating for his psychiatric disability, denied his claim for secondary service connection of polysubstance abuse, and remanded his claim for TDIU to the VARO for readjudication in light of the 70% disability rating awarded by the Board.

In June 1994, the veteran entered into a fee agreement with the appellant for representation before this Court and for any representation before the BVA and VA that may result from a remand order issued by this Court. The veteran, through the appellant, filed a Notice of Appeal with this Court challenging the Board's denial of secondary service connection for polysubstance abuse and of a disability rating in excess of 70% for the veteran's psychiatric condition. The veteran then moved for a stay of proceedings before this Court until the VARO determined whether the veteran was entitled to TDIU. The Court granted the stay.

Subsequently, the VA Office of General Counsel sent the appellant a letter stating, inter alia, that it had received his June 1994 fee agreement, but because the BVA had not issued a final

2

decision regarding the TDIU claim, he was not eligible to charge a fee for services provided before VA on that issue. The appellant responded that he believed that the TDIU issue was inextricably intertwined with the issue of an increased rating for the veteran's psychiatric condition and therefore, that he was entitled to charge a fee for services relating to the TDIU issue.

In October 1995, the VARO granted the appellant's claim for TDIU, effective April 1, 1991. In April 1996, the VA Office of General Counsel requested that the Board review the appellant's eligibility to charge a fee for representing the veteran with respect to the TDIU claim. In January 1997, the Court issued an order withdrawing the issues of an increased evaluation for dysthymic disorder with PTSD and of entitlement to a TDIU. The Court later granted the parties' joint motion for a remand of the issue of secondary service connection for polysubstance abuse.

The Board, relying on this Court's decision in *In the Matter of the Fee Agreement of Leventhal*, 9 Vet.App. 387 (1996), determined that the TDIU claim was a separate and distinct claim from the claim for increase disability compensation for the veteran's psychiatric condition. The Board found that it had not issued a final decision on the TDIU issue and, therefore, that the appellant was not entitled to charge a fee for representing the veteran on that claim.

## II. ANALYSIS

This Court has held that while an attorney may represent a veteran before VA or the Board prior to a final BVA decision in the case, the attorney may not charge a fee for the services provided. *See In the Matter of the Fee Agreement of Smith*, 4 Vet.App. 487, 490 (1993), *vacated on other grounds sub nom. In re Wick*, 40 F.3d 367 (Fed. Cir. 1994); *see also* 38 U.S.C. § 5904(c)(1) (prohibiting an attorney or agent from charging a fee for services rendered in a proceeding before VA or the Board prior to the first final BVA decision issued in the case). An attorney may charge a fee only for an issue or issues decided by the Board. *See In the Matter of the Fee Agreement of Stanley*, 10 Vet.App. 104, 108 (1997) (upholding the Secretary's interpretation that the term *case* in section 5904 (c)(1) involves only those issues decided by the Board). Furthermore, where the Board remands an issue for further development or readjudication, neither the remand order nor the VARO's resulting decision constitutes a final decision of the Board. *See In the Matter of the Fee Agreement of Stanley*, 9 Vet.App. 203, 206-08 (1996) (*Stanley I)*; *see also* 38 C.F.R. § 20.1100(b)

(1998) ("A remand is in the nature of a preliminary order and does not constitute a final decision of the Board.").

The appellant argues that the Board's 1994 denial of a 100% schedular rating for the veteran's mental disorder was also a final decision denying the veteran's claim for a TDIU. The appellant claims that the two claims are inseparable. While this Court has recently held that the issue of entitlement to TDIU lies "inchoate and would remain as an underlying issue until a final decision on the question of *service connection* is issued," *see In the Matter of the Fee Agreement of Mason*, 13 Vet.App. 79, 87 (1999) (emphasis added), the Court has previously held that claims for an increased disability rating and TDIU, both of which are issues that arise after service connection is established, are separate and distinct claims. *See Fee Agreement of Leventhal, supra*; *Isenbart v. Brown*, 7 Vet.App. 537, 540 (1995); *Parker v. Brown*, 7 Vet.App. 116, 118-19 (1994); *Holland v. Brown*, 6 Vet.App. 443, 446-47 (1994).

In this matter, the appellant was seeking (1) an increased rating for his mental disability, (2) secondary service connection for polysubstance abuse, and (3) TDIU. The Board awarded the appellant a 70% disability rating for the mental disability and denied a total schedular evaluation. The Board also remanded to the VARO the issue of entitlement to a TDIU. At that time, the issues of entitlement to TDIU and to a 100% schedular rating were separate and distinct claims. *See Fee Agreement of Leventhal, Isenbart, Parker*, and *Holland*, all *supra*. Therefore, the Board's denial of a 100% schedular rating was not inextricably intertwined with the TDIU issue and the denial was final and appealable to this Court. *See Holland, supra*. On the other hand, the TDIU issue was remanded as a separate claim to the VARO for further proceedings, and, as a matter of law, the BVA remand order was not a final BVA decision. *See Stanley I, supra*; *see also* 38 C.F.R. § 20.1110(b). It was also not appealable to this Court. *Smallwood v. Brown*, 10 Vet.App. 93, 100 (1997) (holding that a claim pending before VA is not ripe for review by this Court). The appellant recognized that the TDIU claim was still pending before VA when he requested a stay of proceedings before this Court until the VARO issued a decision regarding the veteran's entitlement to TDIU. Therefore, "[b]ecause there has never been a final BVA decision with respect to . . . a TDIU rating. . . , the appellant could not charge a fee for representing the veteran before VA or the BVA on [that issue]." *Fee Agreement of Mason*, 13 Vet.App. at 84; *see also* 38 U.S.C. § 5904(c)(1). The award of TDIU

to the veteran was accomplished within the VA nonadversarial system for adjudicating claims. While Mr. Carpenter's assistance may have been very helpful to the veteran, he is precluded by law from charging a fee for his services. *See* 38 U.S.C. § 5904(c)(1); *Fee Agreement of Mason* and *Fee Agreement of Leventhal,* both *supra.* Therefore, the Court will affirm the decision of the Board.

## III. CONCLUSION

After consideration of the pleadings and a review of the record, the Court holds that the appellant has not demonstrated that the BVA committed either legal or factual error which would warrant reversal or remand. The decision of the Board is AFFIRMED.