Kenneth M. CARPENTER, Appellant,

v.

Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.

No. 97–676.

United States Court of Appeals for Veterans Claims.

Aug. 22, 2000.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, HOLDAWAY, IVERS, STEINBERG, and GREENE, Judges.

## ORDER

PER CURIAM:

On October 15, 1999, the Court, in a single-judge memorandum decision, affirmed the Board of Veterans' Appeals decision of February 24, 1997. On March 13, 2000, the Court granted the appellant's motion, filed through counsel, for a panel decision and affirmed the decision of the Board. On April 3, 2000, the appellant filed, through counsel, a motion for consideration by the full court.

Motions for a full Court decision are not favored. Ordinarily they will not be granted unless such action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance. In this appeal, the appellant has not shown that either basis exists to warrant a full Court decision.

Upon consideration of the foregoing, the record on appeal, and the appellant's motion for a full Court decision, it is

ORDERED that the appellant's motion for a decision by the full Court is denied.

KRAMER, Judge, concurring:

Contrary to the appellant's primary contention in his motion for full Court consideration, *In re Fee Agreement of Smith*, 10 Vet.App. 311 (1997), is readily distinguishable from the case here on appeal. In that case, the Board made no decision as to the claim for total disability based on individual unemployability. *See In re Smith*, 10 Vet.App. at 312–13. Here, the Board remanded the claim, thus rendering a decision with respect to it, albeit not a final decision for purposes of attorney fees. As to the argued inconsistency between *In re Fee Agreement of Mason*, 13 Vet.App. 79 (1999), and the panel decision in the case here on appeal, these two decisions also are readily distinguishable. The portion of the Court's decision in *In re Mason* allegedly inconsistent with the decision in this appeal is concerned with attorney fees earned based on work before this Court, irrespective of eligibility for attorney fees for work done before VA. *See In re Mason*, 13 Vet.App. at 85–88. Here, the argued basis for attorney fees is only the latter. Thus, there is no inconsistency between panel decisions to reconcile.

STEINBERG, Judge, concurring:

I voted to deny the appellant's motion for a full Court decision in this case because such a decision is not necessary to maintain the uniformity of the Court's caselaw and the issues involved are not of exceptional importance. I write separately, however, to point out three matters of concern to me, although these matters, in my view, do not, singly or in combination, justify a vote for a full Court decision.

First, a single-judge concurrence is not equivalent to a reasoned disposition *by the Court* of concerns raised as major arguments by an appellant. In light of the recent opinion of the U.S. Court of Appeals for the Federal Circuit (Federal Cir-

cuit) in *Linville v. West,* 165 F.3d 1382, 1384 (Fed.Cir.1999) (holding that Federal Circuit has jurisdiction "to searchingly review the legal conclusions expressly or necessarily reached by" this Court, including arguments not mentioned or rejected without discussion, and reversing this Court's decision based on arguments not expressly addressed by this Court in its disposition), it seems unwise to me for the Court to have allowed these arguments to remain ignored in the panel opinion and to have left them to be addressed authoritatively, perhaps, in the first instance by the Federal Circuit.

Additionally, I do not agree with my colleague's concurring statement regarding a proposed distinction between this case and *In the Matter of the Fee Agreement of Mason,* 13 Vet.App. 79 (1999) (*Fee Agreement of Mason*). That is, I do not believe that the cases are readily distinguishable as to whether the claims in each case for a rating of total disability due to individual unemployability (TDIU) were "inchoate" (in the sense, that "eligibility for a TDIU rating was reasonably raised", *Fee Agreement of Mason,* 13 Vet.App. at 87) within any underlying claim simply because one case involved attorney fees for representation before the Board of Veterans' Appeals (BVA or Board) and the other involved attorney fees for representation before the Court. Any such inchoate-TDIU-claim analysis would apply in either instance. Moreover, the posture of *Fee Agreement of Mason* and that of the instant case were the same when they came to this Court; that is, the Board had decided that the attorney was not entitled to be paid a contingency fee for his representation of the veteran before the Department of Veterans Affairs (VA) (although the *Fee Agreement of Mason* case also involved the issue of direct payment by the Secretary of 20% withheld from the veteran's past-due-benefits award). *In the Matter of the Fee Agreement of Carpenter,* 13 Vet.App. 382, 384 (2000) (*Fee Agreement of Carpenter*); *Fee Agreement of Mason,* 13 Vet. App. at 82.

Nor do I agree with the panel opinion's discussion in this case, *Fee Agreement of Carpenter,* 13 Vet.App. at 385, as to whether a TDIU-rating claim can be inchoate within a ***rating-increase*** claim as opposed to a service-connection claim as was involved in *Fee Agreement of Mason.* Rather, I believe that the analysis applicable to this case is that the TDIU claim ***was*** inchoate within (that is, reasonably raised as part of) the post-traumatic stress disorder (PTSD) rating-increase claim, in connection with which there was medical evidence of unemployability (*see* R. at 143–44 (Board quotation from VA hospitalization report)), ***until*** the 1994 BVA decision increased the PTSD rating to 70% (the veteran previously had had a combined rating of 50%). At that point, the TDIU claim was no longer inchoate because the TDIU regulatory threshold in 38 C.F.R. § 4.16(a) was satisfied; the Board was required to act on that claim (as it did when it remanded it to a VA regional office). The *Fee Agreement of Mason* analysis provided that the TDIU claim was still inchoate within a service-connection claim while the attorney represented the appellant before this Court as to that claim upon the ***later*** award of which the TDIU-rating claim was based. In my view, there is no good reason, given the facts of this appeal where evidence of unemployability had been presented to VA, why a TDIU-rating claim is any less inchoate within the rating-increase claim here (where the then-current rating is below the § 4.16(a) threshold) than it is in the service-connection claim involved in *Fee Agreement of Mason;* an award of each such claim would be prerequisite to consideration of a § 4.16(a) TDIU rating.

Accordingly, I agree with the outcome reached by the Court (although not the reasoning it employed to reach its result) that the TDIU claim was a ***separate*** claim ***before*** the attorney was permitted to charge a fee. Because that TDIU claim was remanded by the Board, there is no

final BVA decision on that claim. Thus, the discussion of an inchoate TDIU-rating claim in the Court's opinion was irrelevant—as well as in error—and should not have been included there.