**Angeline P. CARPENTER, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 96–95.

United States Court of Veterans Appeals.

May 2, 1997.

Before KRAMER, IVERS, and STEINBERG, Judges.

### ORDER

PER CURIAM.

The appellant, Angeline P. Carpenter, the widow of World War II veteran Bernard W. Carpenter, appeals an October 20, 1995, decision of the Board of Veterans' Appeals (BVA or Board) that implicitly denied her claim for dependency and indemnity compensation (DIC) under 38 U.S.C. § 1318 (§ 1318 DIC). Record at 6. Oral argument was held on April 17, 1997, during which the Court determined that further briefing was necessary, as described below, on the question of the appellant's eligibility to show entitlement to DIC on grounds other than clear and unmistakable error (CUE) under 38 U.S.C. § 1318(b) and 38 C.F.R. § 3.22(a)(2) (1996).

In *Green (Doris) v. Brown,* the Court recently held:

> [A] CUE claim is not the sole way for a survivor to show the veteran's entitlement as of the time of the veteran's death. Rather, the survivor is given the right to attempt to demonstrate that the veteran hypothetically would have been entitled to receive a different decision on a service-connection-related issue—here the effective date of the award of the [total disability based on individual unemployability] rating—based on evidence in the veteran's claims file or VA custody prior to the veteran's death and the law then or subsequently made retroactively applicable.

*Green,* 10 Vet.App. 111, 118 (1997); *see also Karnas v. Derwinski,* 1 Vet.App. 308, 312–13 (1991) ("where the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to appellant should … apply unless Congress provided otherwise or permitted the Secretary … to do otherwise and the Secretary did so"); *Camphor v. Brown,* 5 Vet.App. 514, 518 (1993) (applying *Karnas* to change in law due to Court precedential decision). At the end of oral argument, the Court raised, but neither party was prepared to discuss, the questions of (1) the applicability of the above *Green* holding to the appellant's § 1318 DIC claim in this case and (2) if that holding is applicable, the effect of the 1984 BVA decision on whether the Court should vacate the October 1995 BVA decision on appeal and remand the § 1318 DIC claim for the Board's consideration in light of *Green.*

Upon consideration of the foregoing, it is

ORDERED that, within 20 days after the date of this order, the appellant file with the Court, and serve on the Secretary, a memorandum addressing the foregoing questions. It is further

ORDERED that, within 20 days after the date of service of the appellant's memorandum, the Secretary file, and serve on the appellant, a response to the appellant's memorandum. It is further

ORDERED that, within 10 days after the Secretary's response is served, the appellant may file a reply thereto.