Bruce E. LANE, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 98–650.

United States Court of Veterans Appeals.

Aug. 31, 1998.

Before NEBEKER, Chief Judge, and
FARLEY and GREENE, Judges.

## ORDER

PER CURIAM:

On April 8, 1998, the appellant filed a Notice of Appeal (NOA) from the February 19, 1998, decision of the Chairman of the Board of Veterans' Appeals (Board or BVA) denying reconsideration of a July 21, 1997, BVA decision. The Secretary has moved to dismiss for lack of jurisdiction, asserting that the appellant's original Notice of Disagreement (NOD) is jurisdictionally inoperative. On June 24, 1998, the appellant filed a response to the Secretary's motion. The appellant argues that a jurisdiction-conferring NOD is not required because he is appealing pursuant to 38 U.S.C. § 7111 which was created by the Revision of Veterans' Benefits Decisions Based on Clear and Unmistakable Error Act (1997 CUE Act). Pub.L. No. 105–111, 111 Stat. 2271 (November 21, 1997) (codified at 38 §§ 5109A, 7111, 7251).

The parties do not dispute that the NOD leading to the BVA decision on appeal was filed on August 18, 1981. Nor do they disagree that, after the appellant had perfected his appeal to the Board by filing a timely VA Form 9 in 1982, this matter was "drop[ped] mistakenly" for *fourteen years* and was not forwarded to the Board until 1996. Preliminary Record at 38. Therefore, to the extent the appellant is attempting to appeal the July 21, 1997, decision of the BVA, or the portion of the February 19, 1998, decision of the

Chairman denying reconsideration of that decision, this Court lacks jurisdiction because the NOD pertaining to those decisions predated November 18, 1988. *See Hamilton v. Brown,* 4 Vet.App. 528 (1993), *aff'd,* 39 F.3d 1574 (Fed.Cir.1994). That conclusion, however, does not end our inquiry because this matter implicates two other potential bases for the exercise of this Court's jurisdiction.

## I. THE 1997 CUE ACT

Pursuant to the Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note), this Court has jurisdiction only over appeals in which an NOD was filed on or after November 18, 1988. However, an exception to this rule was created by the 1997 CUE Act which made decisions by the BVA subject to claims for revision on the grounds of clear and unmistakable error (CUE). *Id.* Section 1(c)(2) of the 1997 CUE Act states:

Notwithstanding section 402 of the Veteran's Judicial Review Act (38 U.S.C. § 7251 note), chapter 72 of title 38, United States Code, shall apply with respect to any decision of the [BVA] on a claim alleging that a previous determination of the Board was the product of [CUE] if that claim was filed after, or was pending before the Department of Veterans Affairs, the Court of Veterans Appeals, the Court of Appeals for the Federal Circuit, or the Supreme Court on [November 21, 1997].

*See also* 38 U.S.C. § 7251 note (Supp.1998). The "Notwithstanding" clause has the effect of exempting claims of CUE by the Board from the NOD requirement. Accordingly, this Court does have jurisdiction to review a BVA decision on such a claim if it was "filed after, or was pending before the Department of Veterans Affairs" on November 21, 1997, even in the absence of an NOD filed on or after November 18, 1988. *Id.*

■ In his February 19, 1998, decision, the Chairman of the BVA states:

The Acting General Counsel of the Department of Veterans Affairs has opined that, under the provisions of the new public law, motions for reconsideration alleging obvious error in fact or law may be construed as requests for revision of the prior BVA decision on the grounds of CUE. VA

[Gen. Coun. Prec.] 1–98. Therefore, the Board is construing your motion for reconsideration on the basis of obvious error as a request for revision of a prior BVA decision on the grounds of CUE.

In view of the Chairman's statement, the appellant's CUE claim pursuant to the 1997 CUE Act necessarily was "filed after, or was pending before the Department of Veterans Affairs" on November 21, 1997. The Court, therefore, *would* have jurisdiction to review a BVA decision on the appellant's claim of CUE in the July 21, 1997, BVA decision. *See* Pub.L. No. 105–111, § 1(c)(2), 111 Stat. 2271 (found at 38 U.S.C. § 7251 note (Supp. 1998)). However, the Chairman's February 1998 decision stated further that:

The Board is engaged in promulgating regulations necessary to carry out the provisions of Pub.L. No. 105–111 and has decided to defer determinations on all requests for revision of prior BVA decisions on the grounds of CUE until these regulations have been finalized. When final regulations become effective, the Board will begin to adjudicate these requests. At that time, the Board will review your request for revision of a prior BVA decision on the grounds of CUE.

The appellant argues that the Board's refusal to adjudicate his claim of CUE in the prior BVA decision on his claim amounted to a denial of that claim. *See In re Fee Agreement of Smith,* 10 Vet.App. 311, 314 (1997) ("Where the BVA fails to adjudicate a claim that was reasonably raised before it, the net outcome for the veteran amounts to a denial of the benefit sought."). However, the Board did not "fail to adjudicate" the appellant's § 7111 CUE claim; instead, the Board refused to consider it *at this time.* Accordingly, there is no BVA decision over which the Court presently has jurisdiction pursuant to the 1997 CUE Act.

## II. THE ALL WRITS ACT

■ Pursuant to the All Writs Act (AWA), "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdiction." 28 U.S.C. § 1651(a). "[I]f the Court [of Veterans Appeals'] granting of the petitioner's

petition would lead to a BVA decision over which the Court would have jurisdiction, the Court would possess jurisdiction to issue a writ of mandamus." *In re Fee Agreement of Cox,* 10 Vet.App. 361, 371 (1997), *vacated on other grounds,* 149 F.3d 1360 (Fed.Cir.1998); *see In re Fee Agreement of Wick,* 40 F.3d 367, 373 (Fed.Cir.1994) (Court of Veterans Appeals has jurisdiction under AWA where it would otherwise "be prevented or frustrated from exercising its statutorily granted jurisdiction over a Board decision."). Thus, where VA fails or refuses to adjudicate a claim presented, the Court has the authority to direct the Secretary to act on that claim. *See Cox,* 149 F.3d at 1362–1363; *Fee Agreement of Cox,* 10 Vet.App. at 371; *see also* 38 U.S.C. § 7261(a)(2) ("[T]he Court of Veterans Appeals, to the extent necessary to its decision and when presented, shall ... compel action of the Secretary unlawfully withheld or unreasonably delayed.").

In his response to the Secretary's motion to dismiss, the appellant stated that he is seeking review of the Board's "failure to adjudicate [his] claim of [CUE] in the July 21, 1997, BVA decision." Appellant's Response at 8. Thus, the appellant is specifically seeking a decision *by* the Board on his CUE claim *to* the Board:

> This veteran has been deprived of due process of law for 27 years, the least the Secretary could do for this veteran, whom they have so shamefully mistreated, [is] allow him a timely consideration of his claim of [CUE] in the July 21, 1997[,] BVA decision.

*Id.* at 6. The Court, therefore, construes the appellant's response as a petition for a writ of mandamus, asking this Court to order the Board to issue a decision on his § 7111 CUE claim.

 Pursuant to the AWA and the 1997 CUE Act, the Court has jurisdiction to order this specific relief sought by the appellant. *See Cox, supra.* However, such jurisdiction must be exercised sparingly and with great care. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Before a Court may

issue a writ, petitioners must demonstrate that: (1) they have a clear and indisputable right to the writ and (2) they lack adequate alternative means to obtain the relief they seek. *Erspamer v. Derwinski,* 1 Vet.App. 3, 9 (1990).

Here, the appellant, who has been the victim of fourteen years of neglect, has been left in suspension. The Chairman's February 1998 decision informed him that the Board had chosen to construe his motion for reconsideration as a claim of CUE in the prior Board decision, but then informed the appellant that his claim would not be adjudicated for some unspecified period of time. The Chairman did not discuss the status of the Board's pending regulations, nor did he offer the appellant any indication as to when a decision would be forthcoming. While comments on the proposed regulations were due to be received "on or before July 20, 1998" (63 Fed.Reg. 27535 (May 19, 1998)), the Secretary has offered no information to this Court as to the status of the Board's pending regulations, or when and if final regulations will be promulgated. Moreover, the Secretary did not address the 1997 CUE Act in his motion to dismiss, has not replied to the appellant's response, or requested permission to do so, and has offered no reason why adjudication of this acknowledged claim of CUE must await rulemaking. In light of the clear congressional intent of the 1997 CUE Act, the Court can find no justification on the record presently before it for the decision "to defer determinations on all requests for revision of prior BVA decisions on the grounds of CUE." *See* 38 U.S.C. § 7261(a)(2). Thus, the circumstances of this matter may present an "extraordinary situation" where the granting of a writ would be the only appropriate remedy.

Upon consideration of the foregoing it is

ORDERED that the Secretary's motion to dismiss is granted. To the extent the appellant has raised a direct appeal of the Chairman's denial of his motion for reconsideration of the Board's July 21, 1997, decision, and/or the July 1997 decision itself, that appeal is DISMISSED for lack of jurisdiction. It is further

ORDERED that within 30 days of the date of this order, the Secretary show cause why this Court should not issue a writ of mandamus, ordering the Board to issue a decision on the appellant's CUE claim without delay. Absent extraordinary circumstances, the Court will grant the Secretary no extensions of time to file his response to this order.