### Angeline P. CARPENTER, Appellant,

v.

### Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

### No. 96–95.

United States Court of Appeals
for Veterans Claims.

April 9, 1999.

Stephen L. Purcell, Washington, DC, was on the pleadings for appellant.

John H. Thompson, Acting General Counsel; Ron Garvin, Assistant General Counsel; Carolyn F. Washington, Deputy Assistant General Counsel; and Richard Mayerick, Washington, DC, were on the pleading for appellee.

Before KRAMER, IVERS, and STEINBERG, Judges.

STEINBERG, Judge:

The appellant, Angeline P. Carpenter, the widow of World War II veteran Bernard W. Carpenter, appealed through counsel an October 20, 1995, decision of the Board of Veterans' Appeals (BVA or Board) that (1) had found that a 1983 Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) decision that the appellant asserted contained clear and unmistakable error (CUE) was subsumed in a March 1984 BVA decision; (2) had concluded that the criteria for review of a VARO decision based on CUE had not been met; and (3) had therefore denied the appellant's claim for dependency and indemnity compensation (DIC) under 38 U.S.C. § 1318. Record (R.) at 5–7. On March 24, 1998, the Court vacated that BVA decision and remanded the matter for readjudication. *Carpenter v. West,* 11 Vet.App. 140, 147 (1998) (*Carpenter II* ). The appellant has filed a timely application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Secretary has filed an opposition to that application, and the appellant has filed a response to that opposition.

For the reasons that follow, the Court will deny the EAJA application.

## I. Relevant Background

On February 2, 1996, the appellant filed a Notice of Appeal in this Court and on July 19, 1996, filed a brief. The Secretary filed a brief on January 2, 1997, and the appellant filed a reply on January 13, 1997. On February 26, 1997, this Court issued a panel opinion in *Green v. Brown,* holding:

> [A] CUE claim is not the sole way for a survivor to show the veteran's entitlement as of the time of the veteran's death. Rather, the survivor is given the right to attempt to demonstrate that the veteran hypothetically would have been entitled to receive a different decision on a service-connection-related issue—here the effective date of the award of the TDIU rating—based on evidence in the veteran's claims file or VA custody prior to the veteran's death and the law then or subsequently made retroactively applicable.

*Green v. Brown,* 10 Vet.App. 111, 118 (1997).

On May 2, 1997, the Court held oral argument. After that argument, the Court determined that further briefing was necessary as to the *Green* holding that a section 1318 DIC claimant has the right in addition to a CUE adjudication "to demonstrate that the veteran hypothetically would have been entitled to receive a different decision on a service-connection-related issue . . . based on evidence in the veteran's claims file or VA custody prior to the veteran's death and the law then or subsequently made retroactively applicable." *Green, supra.* Accordingly, the Court ordered that the appellant file a memorandum addressing the questions of (1) the applicability of the *Green* holding to the appellant's section 1318 DIC claim and (2) if that holding is applicable, the effect of the 1984 BVA decision on whether the Court should vacate the October 1995 BVA decision on appeal and remand the section 1318 DIC claim for the Board's consideration in light of *Green. Carpenter v. Brown,* 10 Vet.App. 248 (1997) (*Carpenter I* ). The Court also ordered that the Secretary respond to that memo and allowed the appellant to reply. *Ibid.*

On May 16, 1997, the appellant filed a response to that Court order; she argued for the application of the *Green* case to her appeal as to both a claim of CUE in the 1984 BVA decision and a hypothetical "entitled to receive" analysis. May 16, 1997, Response at 5, 8. On June 20, 1997, the Secretary responded, arguing that *Green* was not applicable. The Secretary conceded that the Court in *Green* had recognized that a section 1318 DIC claimant has the right in addition to a CUE adjudication "to demonstrate that the veteran hypothetically would have been entitled to receive a different decision on a service-connection-related issue ... based on evidence in the veteran's claims file or VA custody prior to the veteran's death and the law then or subsequently made retroactively applicable", *Green, supra.* The Secretary contended, however, that that recognition did not effectuate a change in law for purposes of *Karnas v. Derwinski,* 1 Vet.App. 308 (1991), (1) because the regulation was clear and unambiguous in allowing section 1318 theories other than CUE and the Court did not interpret section 1318 in a novel way and (2) because the Court's analysis of 38 C.F.R. § 3.22 was "dicta", not binding on subsequent cases. June 20, 1997, Memorandum at 2–3. He argued in addition that the appellant had argued CUE here only in the 1983 RO decision and had argued, as to her section 1318 DIC claim, neither a CUE claim in the 1984 BVA decision nor a hypothetical "entitled to receive" claim, and that she had not raised those additional arguments to the Board, so the Court had no jurisdiction to hear them in this case. *Id.* at 3. The Secretary then argued alternatively, assuming that *Green* would apply, that the 1984 BVA decision would bar her CUE claim. *Id.* at 5. He also contended that the veteran would hypothetically not have been entitled to receive benefits for the 10 years required by section 1318 and that the appellant would thus not be entitled to DIC. *Id.* at 5–7.

On August 29, 1997, the appellant filed a notice of supplemental authority as to *Barrera v. Gober,* 122 F.3d 1030 (Fed.Cir.1997). On November 21, 1997, Congress enacted the Revision of Veterans' Benefits Decisions Based on Clear and Unmistakable Error Act (CUE Act), Pub.L. No. 105–111, 38 U.S.C.

§ 7111. Under that Act, if a CUE claim was pending on November 21, 1997, then the BVA decisions involved would be subject to that CUE claim. Pub.L. No. 105–111, § 1(c)(2); *see also Lane v. West,* 11 Vet.App. 412, 413 (1998) (per curiam order). On February 11, 1998, the appellant filed a notice of supplemental authority as to *Carbino v. Gober,* 10 Vet.App. 507 (1997).

On March 24, 1998, the Court vacated the October 1995 BVA decision and remanded the section 1318 DIC matter. *Carpenter II, supra.* The Court held: "Under the new section 7111(e), a VA claimant is expressly enabled to bring a claim directly to the BVA, and not to the RO, to challenge a prior ***BVA*** decision on CUE grounds, 38 U.S.C. § 7111(d), (e) (1997)". *Carpenter II,* 11 Vet. App. at 144. The Court went on to state:

However, the new section 7111 does not on its face apply unless the claimant has already submitted to VA a claim of CUE in a prior BVA decision. *See Dittrich v. West,* 11 Vet.App. 10, 11–12 (1998), *en banc review denied,* (Jan. 22, 1998) (en banc order). Here, the appellant's section 1318 DIC claim specifically raised CUE only as to the 1983 RO decision and did not raise a CUE claim as to the 1984 BVA decision. *See Fugo v. Brown,* 6 Vet.App. 40, 44 (1993) (requiring that CUE claims be raised with certain amount of specificity). However, in view of *In [the Matter of the Fee Agreement of] Smith,* [10 Vet.App. 311, 314 (1997)], and by virtue of the enactment of the new section 7111 providing for direct review at the BVA of claims of CUE in prior final Board decisions, the appellant is now entitled to attack the 1984 BVA decision on CUE grounds as to ***both*** its implicit determination (under *In re Smith, supra*) that the 1975 RO decision had committed CUE in awarding TDIU ***and*** as to its explicit determination that the veteran as of 1984 was no longer entitled to TDIU. If the appellant is successful in bringing ***both*** such CUE attacks, it appears that she would then also succeed in her section 1318 "entitled to receive" DIC claim because the veteran's TDIU award would have been reinstated from 1975 to 1984 and the negative 1984 BVA

determination as to then-current TDIU entitlement would be vitiated. However, if the appellant raises these CUE claims to the Board, such CUE adjudications by the BVA may not be necessary if the appellant can succeed in a section 1318 "entitled to receive" DIC claim under *Green, supra,* as discussed in part II.B., below.

*Carpenter II,* 11 Vet.App. at 144–45. The Court then proceeded to adjudicate the effect of the *Green* holding on the appellant's section 1318 DIC claim, holding: "Although an "entitled to receive" claim has never been adjudicated by the BVA (or the RO, for that matter), such a claim is an intrinsic part of a section 1318 claim." *Id.* at 146. The Court held:

> Thus, because under *Green* a CUE claim is not the only way for a survivor to show, pursuant to section 1318, that a veteran would have been entitled to receive total disability compensation for the 10 years immediately preceding death, and because 38 C.F.R. § 19.196 (1991) (prior to the promulgation of § 20.1106, effective on March 4, 1992) expressly prohibited consideration, in the adjudication of such a survivor's claim, of a prior disposition of that issue during the veteran's lifetime, such a showing under *Green* is not barred by a contrary, pre-March 4, 1992, BVA decision within those 10 years. As a result, the appellant is entitled to an adjudication of her DIC claim under section 1318 as though it were a claim brought by the veteran prior to his death and without regard to the 1984 BVA decision made during the veteran's lifetime regarding his TDIU entitlement. Accordingly, the Court holds that the Board erred in treating the appellant's section 1318 claim as if it could be pursued only by means of a CUE showing, and this matter will be remanded for adjudication of the appellant's section 1318 "entitled to receive" DIC claim under *Green, supra,* "without regard to any prior disposition of those issues [issues involved in the appellant's DIC claim] during the veteran's lifetime."

*Carpenter II,* 11 Vet.App. at 147 (citations omitted). In its conclusion, the Court vacated the October 1995 BVA decision and remanded "the section 1318 DIC matter", and then declared:

> However, *if* the appellant on remand presents a claim of CUE in the 1984 BVA decision, the Court "trusts that the BVA and the Secretary will expeditiously treat this matter"; on the other hand, the appellant will be free to request that the remanded *Green* section 1318 DIC claim be referred to the RO for adjudication there first before any CUE claims are addressed by the Board under new section 7111.

*Carpenter II,* 11 Vet.App. at 147 (citations omitted) (emphasis added).

On June 22, 1998, the appellant filed through counsel an application for attorney fees and expenses under the EAJA. Application at 1. On July 27, 1998, the Secretary filed a response in opposition, urging that the Court deny the application solely on the ground that his position was "substantially justified". Response at 1. The appellant argued in her reply that the Secretary's position at the litigation stage was not "substantially justified". Appellant's Reply at 3–8.

## II. Analysis

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F) as amended by section 506 of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992). The appellant's June 22, 1998, EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and has satisfied any jurisdictional content requirements that apply because the application contained the following: (1) A showing that, by virtue of the Court's remand, she is a prevailing party within the meaning of the EAJA; (2) a showing that she is a party eligible for an award under the EAJA because her net worth does not exceed two million dollars; (3) an assertion that the position of the Secretary was not substantially justified; and (4) an itemized statement of the fees sought supported by an affidavit from the appellant's counsel. *See* 28 U.S.C. § 2412(d)(1)(A) and (B), (2)(B); *Chesser v. West,* 11 Vet.App. 497, 499 (1998); *Bazalo v. Brown,* 9 Vet.App. 304, 308 (1996), *rev'd on other grounds sub nom. Bazalo v. West,* 150

F.3d 1380, 1384 (Fed.Cir.1998) (concluding that showing of net worth not jurisdictional requirement).

■ This Court will award attorney fees "unless the [C]ourt finds that the position of the United States was substantially justified". 28 U.S.C. § 2412(d)(1)(A); *Stillwell v. Brown*, 6 Vet.App. 291, 301 (1994). The appellant here has alleged, pursuant to 28 U.S.C. § 2412(d)(1)(B), that the Secretary's position was not substantially justified (Application at 6), and the Secretary, therefore, "has the burden of proving that [his] position was substantially justified in order to defeat the appellant's EAJA application", *Stillwell, supra.* This Court applies the following standard for determining whether the Secretary's position was substantially justified:

VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court....

Two special circumstances may also have a bearing upon the reasonableness of the litigation position of the VA, and of the action or inaction by the VA at the administrative level. One is the evolution of VA benefits law since the creation of this Court that has often resulted in new, different, or more stringent requirements for adjudication. The second is that some cases before this Court are ones of first impression involving good faith arguments of the government that are eventually rejected by the Court.

*Stillwell,* 6 Vet.App. at 302–03. In *Stillwell,* the Court noted that " 'a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.' " *Ibid.* (quoting *Pierce v. Underwood,* 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 101 L.Ed.2d 490

(1988)). In order to avoid the payment of attorney fees and expenses, the Secretary must prove that his position was substantially justified at both the adjudicative (BVA)· and litigation (here) stages. *See Locher v. Brown,* 9 Vet.App. 535, 537 (1996).

The appellant does not argue that the Secretary's position at the administrative stage was not substantially justified. The appellant does assert that the Court "determined that a remand was required because of the enactment of [the CUE Act]" subsequent to the BVA decision and that because the Secretary failed "to notify the Court of the change in law and failed to change his position with respect to the need for remand of [the] appeal based on that change", the Court should not find that his position was substantially justified at the litigation stage. Application at 7; Reply at 3–4, 5–7; *see also Camphor v. Brown,* 8 Vet.App. 272, 276 (1995); *Karnas,* 1 Vet.App. at 312–13.

■ "To determine whether the Secretary has demonstrated that his position was 'reasonable' during the litigation proceedings, the Court looks to the circumstances surrounding the resolution of the dispute." *Dillon v. Brown,* 8 Vet.App. 165, 168 (1995). It is clear from the Court's March 1998 opinion quoted above that the Court remanded only the *Green* section 1318 DIC claim; as to the 1997 CUE Act, the Court concluded that the appellant was "now entitled to attack the 1984 BVA decision on CUE grounds", and specifically referred to such a CUE claim under the CUE Act as a possible future course of action ("if" the appellant presents such a CUE claim on remand). *Carpenter II,* 11 Vet.App. at 145, 147. The Court did not find that the Court had jurisdiction to review such a claim before it was raised to the Board and the Board had a chance to rule on it in the first instance. *Ibid.* Thus, the Court's discussion of the CUE–Act–claim matter was ancillary to its disposition of the section 1318 DIC claim, and the Secretary's position on that matter is irrelevant for EAJA "substantial justification" purposes because the CUE Act claim was in no way a basis for the Court's remand of the case. *See Rhodan v. West,* 12 Vet.App. 55, 58 (1998) (holding that it was irrelevant whether

Secretary's position was substantially justified on issues that were not basis of remand); *Dillon, supra.*

The Secretary contends that because this was a complex case and the Court's decision here "was the result of change and evolution of several matters of pertinent law which occurred during the pendency of this appeal", his arguments and actions were reasonable within the totality of the circumstances. July 27, 1998, Response at 3. The appellant asserts in response that the Secretary was not reasonable because he argued against the application of the *Green* decision at the merits phase on the ground that that decision was dictum and made no new changes to the caselaw but is now arguing at the EAJA phase that the Court's opinion in this case was the result of the evolution of the law on this issue. Reply at 4–5, 7. Although the appellant is correct as to the Secretary's having changed his position regarding the significance of *Green, supra,* we are, as the Court said in *Stillwell,* "[c]ognizant of the fact that the statutory and regulatory [and the caselaw] framework [in this area of the law] represents a 'confusing tapestry,' in which the meaning is not easily discerned". *Stillwell,* 6 Vet.App. at 303 (citations omitted). In addition, although " 'the EAJA redresses governmental abuse, it was never intended to chill the government's right to litigate or to subject the public fisc to added risk of loss when the government chooses to litigate reasonably substantiated positions, whether or not the position later turns out to be wrong.' " *Ibid.* (quoting *Roanoke River Basin Ass'n v. Hudson,* 991 F.2d 132, 139(4th Cir.1993)).

Applying these general principles in this case, we do not find it unreasonable that the Secretary would have failed initially to recognize the significance of the Court's *Green* opinion as the first in a series of this Court's opinions to expand the section 1318 caselaw. Nor is it unreasonable for the Secretary not to have foreseen the Court's *Carpenter II* holding that "an 'entitled to receive' claim ... is an intrinsic part of a section 1318 claim" and that every section 1318 claimant is entitled to adjudication of such a claim, *Carpenter II,* 11 Vet.App. at 146. Accord-

ingly, we hold that the Secretary has demonstrated that his position at the litigation stage of this case was reasonable and thus substantially justified. *See Pellerin v. Brown,* 10 Vet.App. 415, 418 (1997) (holding that Secretary "should have a fair chance to challenge issues raised without further risk to the public fisc on novel issues of first impression"); *Stillwell,* 6 Vet.App. at 303–04. For similar reasons, the Court holds that the Secretary was substantially justified at the administrative stage because the December 1996 BVA decision applied the section 1318 DIC law as it had been developed to that point, prior to the February 1997 issuance of the *Green* opinion. *See Golliday v. Brown,* 7 Vet.App. 249, 254–55 (1994); *Stillwell, supra.*

### III. Conclusion

Upon consideration of the foregoing analysis and the pleadings of the parties, the Court, having held that the Secretary was substantially justified in both his adjudicative and litigation positions, denies the appellant's EAJA application.

APPLICATION DENIED.